This Circuit has recently referred to this change in Torske v. Richardson, 484 F.2d 59 (9th Cir. 1973):

"The statutory definition of 'disability' was specifically narrowed to correct court decisions that the Congress considered to be too liberal." (484 F.2d at 60).

And *see* Harmon v. Finch, 460 F.2d 1229 (9th Cir. 1972); Chavies v. Finch, 443 F.2d 356 (9th Cir. 1971); Waters v. Gardner, 452 F.2d 855 (9th Cir. 1971); Mandrell v. Weinberger, 511 F.2d 1102 (10th Cir. 1975).

■ Thus the fact that because plaintiff could obtain no work because his doctor had not ordered his release from disability is of no consequence. If it were, any doctor, by refusing to release a patient from disability status could override the intent of Congress.

As to the district court's third ground—a liberal interpretation should be followed—we are not convinced. The two district court cases cited, one from the Second Circuit and one from the Sixth, do not convince us we should overrule this Circuit's decisions—some of which are cited above. (*See particularly* Torske v. Richardson; *supra.*)

■ The findings of the Secretary of HEW are supported by substantial evidence,[10] and the decision of the district court is therefore:

Reversed.

*work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.* For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers whether in the region where such individual lives or in several regions of the country." (Emphasis added.) (Appellant's Brief at 5.)

The Congressional intent is clear. *See* Sen. Rep. 744, 90th Cong. 1st Sess. quoted in 2 U.S.Code and Cong. & Admin.News, p. 2834 at pp. 2880–2883 (1967).

10. It is a matter of law that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, . . (42 U.S.C. § 405(g).

---

INDEADENT MEAT PACKERS ASSOCIATION, an unincorporated association, Appellee,

v.

Earl L. BUTZ, Individually and in his capacity as United States Secretary of Agriculture, et al., Appellants.

No. 75–1244.

United States Court of Appeals, Eighth Circuit.

April 15, 1975.

The substantial evidence test requires that the reviewing court determine that the Secretary's findings are supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required. It is immaterial that the evidence in a case would *permit* a different conclusion than that which the Secretary reached. If the Secretary's findings are supported by substantial evidence, the courts are required to accept them. It is the function of the Secretary, and not the court's to resolve conflicts in the evidence.

While the court may not try the case *de novo,* neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the Secretary's conclusions are *rational.* If they are, as in the instant case, they must be upheld.

Stephen L. Muehlberg, Asst. U. S. Atty., Omaha, Neb., for appellants.

Ben E. Kaslow and Frank F. Pospishil, Abrahams, Kaslow & Cassman, Omaha, Neb., for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

## ORDER

PER CURIAM.

This matter comes before the court on appeal from a preliminary injunction issued by the United States District Court for the District of Nebraska, the Honorable Robert V. Denney presiding. On April 11, 1975, the district court enjoined the defendants from implementing and enforcing the new quality and yield grading standards for beef cattle, contained in regulations promulgated by the United States Department of Agriculture, which were to take effect on April 14, 1975. 40 Federal Register 11535 et seq., 7 C.F.R., Chap. 1, Part 53, dated March 12, 1975.

■ This court, after hearing oral arguments and considering briefs on the matter, finds the district court did not abuse its discretion by enjoining the implementation of the new standards until a full hearing could be held on the plaintiff's complaint. In making this decision the court reminds the parties that our review does not go to the merits of the complaint; the only question before this court is whether the district court abused its discretion in granting plaintiff's preliminary injunction, and we find that it did not.

■ The court finds, based upon the record before us, that serious questions are raised as to both the sufficiency of the inflationary impact statement made pursuant to Executive Order No. 11821 issued by President Ford on November 27, 1974, and whether the regulations are arbitrary and capricious under the standards of judicial review as contained in the Administrative Procedure Act, 5 U.S.C. § 701 et seq. In finding that the district court has not abused its discretion we hold that the Independent Meat Packers Association and its members have sustained their burden of proof by showing the probability of irreparable harm in the event the preliminary injunction did not issue.

In view of the great public interest involved, this court orders that the cause shall be remanded to the district court for a plenary hearing on the request for a permanent injunction and that a final decision of the district court be rendered within 45 days of this order; the court further orders that any appeal from the issuance or denial of the injunction shall be expedited by this court. In this regard the preliminary injunction of the district court is modified so as to terminate 45 days from the order of this court unless further extended by this court. The court further finds that the adequacy of the $5,000 bond now filed by the plaintiff, as required to be filed by the district court, shall be subject to a hearing within five days of the date of this order before the district court.

Judgment of the district court granting the preliminary injunction as modified herein is affirmed.

Mandate is ordered to issue forthwith.